IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIRK LUCAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH PIAZZA, et al. | : | No. 07-3556 |

**MEMORANDUM**

LOWELL A. REED, JR., Sr. J.                                                                October 19, 2009

Before the court is a pro se motion to continue the stay of a petition for writ of habeas corpus filed by Kirk Lucas ("Petitioner"), (Doc. Nos. 12, 13), the response of the respondent thereto, (Doc. No. 16), and Petitioner's "Correction or Modification of the Record" (hereinafter "Correction") (Doc. No. 17).  Petitioner is currently incarcerated at the Coal Township State Correctional Institution in Coal Township, Pennsylvania.  For the reasons that follow, the motion to continue the stay will be denied.

**FACTS AND PROCEDURAL HISTORY**:[1]

On September 23, 2002, Petitioner entered a plea of guilty to the charges of aggravated assault and conspiracy to commit aggravated assault.  Petitioner was sentenced to ten (10) to twenty (20) years of imprisonment for aggravated assault and five (5) to twenty (20) years of imprisonment for conspiracy to commit aggravated assault, to be served consecutively.

---

[1] In the interest of clarity and completeness, I reiterate much of the history found in the November 28, 2007, Report and Recommendation (Doc. No. 7) which recommended that Petitioner's original motion for a stay (Doc. No. 3) be granted.

On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on December 23, 2003.  Commonwealth v. Lucas, 844 A.2d 1283 (Pa. Super. 2003) (table).  The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on June 25, 2004.  Commonwealth v. Lucas, 852 A.2d 312 (Pa. 2004) (table).

On January 12, 2005, Petitioner filed a pro se petition under Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9451, et seq., alleging ineffective assistance of counsel for failing to object to incorrect information contained in the pre-sentencing report and the court's subsequent use of the incorrect information in determining his sentence.  See Pet'r Mem. of Law in Support of Writ of Habeas Corpus, at 1-2.  On April 13, 2005, a hearing was held on Petitioner's PCRA petition and the PCRA court subsequently ordered that Petitioner be resentenced.  On May 5, 2005, Petitioner was resentenced to the same prison term, and the restitution that Petitioner was ordered to pay was increased from $33,000.00 to $106,000.00.  Post-sentence motions were not filed.

The Pennsylvania Superior Court affirmed the judgment of sentence on September 12, 2006.  Commonwealth v. Lucas, 911 A.2d 182 (Pa. Super. 2006) (table).  The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on January 3, 2007.  Commonwealth v. Lucas, 916 A.2d 632 (Pa. 2007) (table).

On June 15, 2007, Petitioner filed a pro se state habeas corpus petition asserting, in

part, that defense counsel was ineffective for failing to file a post-sentence motion regarding Petitioner's May 25, 2005, sentencing.[2]

While his state appeal was pending, Petitioner filed the instant petition for a federal writ of habeas corpus on August 20, 2007, claiming:

1. the sentencing court improperly deviated from the Pennsylvania State Sentencing Guidelines;

2. the sentencing court denied his Fourth Amendment right to due process when it enhanced his sentence upon resentencing;

3. the sentencing court denied his Fourth Amendment right to due process by not lowering his sentence upon resentencing; and

4. the sentencing court denied his Fourth Amendment right to due process when it failed to order a new presentence report before his resentencing hearing.

On September 3, 2007, Petitioner also filed a "Petition For Abeyance/Stay of Habeas Corpus Pending Determination of State Habeas Corpus Proceedings" in order to "protect his [un]exhausted meritorious federal claims so that an equitable tolling problem would not occur at the exhausting of state proceedings." See Pet'r Petition for Abeyance/Stay, at 1. Respondents did not object to Petitioner's motion to stay. (Doc. No. 5). On January 28, 2008, the Honorable Berle M. Schiller, District Court Judge for the Eastern District of Pennsylvania, approved the Report and Recommendation of the Honorable Peter B.

---

[2]The Pennsylvania courts construed Petitioner's state habeas corpus petition as a PCRA petition. See Commonwealth v. Lucas, No. 2186 EDA 2008, at 3 (Pa. Super. July 22, 2009); see also Commonwealth v. Peterkin, 722 A.2d 638, 639 (Pa. 1998) (the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA).

Scuderi, United States Magistrate Judge for the Eastern District of Pennsylvania, recommending that the petition be stayed.  (Doc. Nos. 7, 9).

Meanwhile, in state court, appointed counsel filed an amended petition for collateral relief on October 19, 2007, and an evidentiary hearing was held on November 14, 2007.  On June 6, 2008, the PCRA court found that Petitioner's attorney for resentencing had been ineffective for failing to properly preserve Petitioner's objections to his resentencing.  Petitioner was given 10 days to file a post-sentence motion to object to the resentencing.  On June 9, 2008, Petitioner filed a post-sentence motion.  The trial court entered an order denying the post-sentence motion on June 23, 2008.

Petitioner appealed to the Superior Court, arguing that (1) the trial court erred in imposing the discretionary aspects of his sentence; and that (2) the sentence was harsh and manifestly excessive.  On July 22, 2009, the Superior Court affirmed the trial court's sentence.

On August 13, 2009, Petitioner filed the instant motion to continue the stay of his habeas petition in order to present a new claim on appeal to the Pennsylvania state courts concerning lack of jurisdiction over subject matter or person.[3]  (Doc. Nos. 12, 13).

---

[3] A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971).  The habeas corpus petitioner has the

**DISCUSSION**:

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court approved a stay-and-abeyance procedure, under which a district court may stay a timely habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Id. at 275; see <u>Heleva v. Brooks</u>, 2009 WL 2914472 (3d Cir. Sept. 14, 2009).  A stay-and-abeyance is available in limited circumstances when the following three-part test is met: (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  Id. at 277-78.

Petitioner requests a continuance of the stay of his federal habeas petition in order to present an entirely new jurisdictional claim to the state courts.  I conclude that Petitioner has failed to establish the necessary "good cause" under <u>Rhines</u> for his failure to previously present this claim to the Pennsylvania courts.  In support thereof, I note that Petitioner presents his claim with a 56 page memorandum which offers a historical overview of the law and generally challenges the authority of the Pennsylvania courts. (Doc. No. 13).  In doing so, however, Petitioner does not specifically relate any of the historical references presented therein to his case, thus making it difficult to ascertain

---

burden of proving exhaustion of all available state remedies.  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

5

how or why these facts are relevant.[4]  Moreover, there is nothing in his lengthy dissertation which can be characterized as presenting "new evidence."  Petitioner has been appealing his conviction since 2002.  Nonetheless, he presents no evidence that he was prevented in some way from presenting his jurisdictional claim during this appeal process.  Indeed, Petitioner fails to provide any explanation as to why he could not have discovered this issue before now and presented it to the state courts.  Therefore, as Petitioner has not been diligent and does not have "good cause" for his failure to present his claim to the state courts, this court denies his motion to continue his stay.  See Rhines, supra.

        An appropriate order follows.

---

[4] The only portion of Petitioner's memorandum which attempts to incorporate the specifics of his case to a broad discussion of the law is found under the heading "After discovered evidence where the District Attorney and Lehigh County Courts Had no jurisdiction to Prosecute, the defendant for an Indictable Offense."  (Doc. No. 13, at 52, unnumbered pages).  In support thereof, Petitioner argues that the Lehigh County Court of Common Pleas lacked jurisdiction to prosecute him because he was prosecuted by information, rather than indictment, in violation of the Pennsylvania Constitution.  Petitioner is wrong.  The original prohibition against criminal proceedings by information contained in the Pennsylvania Constitution was removed by amendment adopted in 1973 which allowed the courts of common pleas to provide for the initiation of criminal proceedings by information.  See Pa. Const. Art. I, § 10.  Lehigh County was approved to initiate criminal proceedings by information on January 1, 1976.  See 204 Pa. Code § 201.3.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIRK LUCAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH PIAZZA, et al. | : | No. 07-3556 |

**O R D E R**

AND NOW, this 19th day of October, 2009, upon consideration of Petitioner's motion to continue the stay of his petition for a writ of habeas corpus (Doc. Nos. 12, 13), Respondents' response thereto (Doc. No. 16), and Petitioner's "Correction or Modification of the Record" (Doc. No. 17), IT IS HEREBY ORDERED that Petitioner's motion to continue the stay of his habeas petition is DENIED.

                                                                /s Lowell A. Reed, Jr.
                                                              LOWELL A. REED, JR., S.J.