IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIRK LUCAS | : | CIVIL ACTION |
| v. | : | |
| JOSEPH PIAZZA, et al. | : | No. 07-3556 |

**MEMORANDUM**

LOWELL A. REED, JR., Sr. J.                                                           August 5, 2010

Presently before this court is a pro se petition for writ of habeas corpus (Doc. No. 1) filed pursuant to 28 U.S.C. § 2254 by Kirk Lucas ("Lucas"), the response thereto (Doc. No. 22) and Lucas's reply (Doc. No. 25). Lucas, who is currently incarcerated in the State Correctional Institution in Coal Township, Pennsylvania, challenges his incarceration for aggravated assault and conspiracy. For the reasons that follow, the petition will be denied.

**FACTS AND PROCEDURAL HISTORY:**

On April 28, 2001, Lucas and his two (2) brothers repeatedly punched and kicked the head of the victim, Bobby Gonzalez.[1] As a result of the beating, Mr. Gonzalez

---

[1] The trial court summarized the facts surrounding the incident as follows:

> This . . . assault by [Lucas] and his two brothers took place because the three defendants claimed that the victim, Bobby Gonzalez, owed $5.00 to one of the brothers. [Lucas] arrived on the scene after his two brothers had already kicked the victim in the head approximately 15 to 16 times. It is undisputed that the victim did not even attempt to strike any of the three defendants. After the assault, the defendants left and the victim was left unconscious and bleeding on the pavement . . .

Commonwealth v. Lucas, No. 3669 of 2001 (Ct of Common Pleas of Lehigh Co, Dec. 17, 2008),

sustained severe and permanent brain injuries. On September 23, 2002, Lucas pled guilty to aggravated assault and conspiracy to commit aggravated assault before the Honorable William E. Ford, Court of Common Pleas of Lehigh County. In exchange for the guilty plea, the Commonwealth agreed not to pursue the remaining assault charges, including criminal attempt homicide. There was a binding plea agreement that the minimum sentence the Court could impose would not be greater than fifteen (15) years.

On October 28, 2002, Lucas was sentenced to ten (10) to twenty (20) years of imprisonment for the aggravated assault charge and a consecutive term of five (5) to ten (10) years of imprisonment for the conspiracy charge. At the time of sentencing, the probation department conducted a presentence investigation which indicated that Lucas had a prior record score of three (3).

On November 15, 2002, Lucas filed a motion to reconsider sentence, arguing that his sentence was excessive. The motion was denied. On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on December 23, 2003. Commonwealth v. Lucas, 844 A.2d 1283 (Pa. Super. 2003) (table). The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on June 3, 2004. Commonwealth v. Lucas, 852 A.2d 312 (Pa. 2004) (table).

On January 12, 2005, Lucas filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Appointed counsel

---

at 8.

filed an amended petition alleging that trial defense counsel had been ineffective for failing to object to the inaccurate prior record score assigned to Lucas at the time of sentencing. At a PCRA hearing, the court determined that Lucas's adjudications of delinquency prior to his 14th birthday should not have been used to calculate his prior record score. As a result, Lucas's prior record score should have been 0. Accordingly, Lucas's PCRA petition was granted, in part, and his October 28, 2002, sentences were vacated.

On May 5, 2005, a resentencing hearing was held, incorporating all the evidence from the original guilty plea hearing and sentencing hearing. The court also received updated testimony regarding Lucas and the victim. After Lucas was properly assigned a prior record score of zero (0), the court once again sentenced him to ten (10) to twenty (20) years of imprisonment for the aggravated assault charge and five (5) to ten (10) years of imprisonment for the conspiracy charge, to be served consecutively. The restitution that Lucas was ordered to pay was increased from $33,000.00 to $106,000.00. Post-sentence motions were not filed.

The Pennsylvania Superior Court affirmed the judgment of sentence on September 12, 2006. Commonwealth v. Lucas, 911 A.2d 182 (Pa. Super. 2006) (table). The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on January 3, 2007. Commonwealth v. Lucas, 916 A.2d 632 (Pa. 2007) (table).

On June 15, 2007, Lucas filed a pro se state habeas corpus petition which was

construed as a PCRA petition by the state courts. See Commonwealth v. Lucas, No. 2186 EDA 2008, at 3 (Pa. Super. July 22, 2009); see also Commonwealth v. Peterkin, 722 A.2d 638, 639 (Pa. 1998) (the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA). Appointed counsel filed an amended petition arguing that counsel had been ineffective at Lucas's resentencing and on appeal. After holding an evidentiary hearing, the PCRA court concluded that Lucas's attorney for resentencing had been ineffective for failing to properly preserve Lucas's objections to his new sentence. Lucas was given 10 days to file a post-sentence motion to object to the resentencing. On June 9, 2008, Lucas filed a post-sentence motion. The trial court entered an order denying the post-sentence motion on June 23, 2008.

Petitioner appealed to the Superior Court, arguing that (1) the trial court erred in failing to consider mitigating circumstances at his resentencing; and that (2) his sentence exceeded the sentencing guidelines and was manifestly excessive. On July 22, 2009, the Superior Court affirmed the trial court's sentence. Commonwealth v. Lucas, No. 2186 EDA 2008 (Pa. Super. July 22, 2009) (unpublished memorandum).

While he was pursuing his state court appeals, Lucas filed this petition for a federal writ of habeas corpus on August 20, 2007,[2] presenting the following issues:

1.  the sentencing court denied his Fourteenth Amendment right to due process

---

[2] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Lucas signed his petition on August 20, 2007; therefore, I will assume that he presented his petition to prison authorities on that date.

4

when it improperly deviated from the Pennsylvania State Sentencing Guidelines;

2. the sentencing court denied his Fourteenth Amendment right to due process when it enhanced his sentence upon resentencing;

3. the sentencing court denied his Fourteenth Amendment right to due process by not lowering his sentence upon resentencing;

4. the sentencing court denied his Fourteenth Amendment right to due process when it failed to order a new presentence report before his resentencing hearing; and

5. counsel was ineffective for failing to object to the sentencing court's errors.

See Form for Use in Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1, hereinafter "Petition") and Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. No. 1, hereinafter "Memorandum of Law").[3]

On December 17, 2009, Respondents filed an answer to Lucas's habeas petition asserting that Lucas is not entitled to federal habeas relief because his claims are unexhausted, procedurally defaulted, non-cognizable and/or meritless. See Response in

---

[3]On September 3, 2007, Petitioner filed a "Petition For Abeyance/Stay of Habeas Corpus Pending Determination of State Habeas Corpus Proceedings" in order to "protect his [un]exhausted meritorious federal claims so that an equitable tolling problem would not occur at the exhausting of state proceedings." See Pet'r Petition for Abeyance/Stay, at 1. Respondents did not object to Petitioner's motion to stay. (Doc. No. 5). On January 28, 2008, the Honorable Berle M. Schiller, District Court Judge for the Eastern District of Pennsylvania, approved the Report and Recommendation of the Honorable Peter B. Scuderi, United States Magistrate Judge for the Eastern District of Pennsylvania, recommending that the petition be stayed. (Doc. Nos. 7, 9). On August 13, 2009, Petitioner filed a motion to continue the stay of his habeas petition in order to present a new claim on appeal to the Pennsylvania state courts concerning lack of jurisdiction over subject matter or person. (Doc. Nos. 12, 13). On October 19, 2009, this court denied Lucas's motion to continue the stay of his habeas petition. (Doc. No. 18).

Opposition to Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 22). Lucas has filed a reply thereto. See Petitioner's Reply (Doc. No. 25).

**DISCUSSION:**

**1. Exhaustion and Procedural Default**

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)). A petitioner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process. Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

Lucas has presented four claims of trial court error and one claim of ineffective assistance of counsel to this court. Respondents argue that these claims were not properly presented to the state courts and are therefore, unexhausted. As an initial matter, I note that in his reply, Lucas acknowledges that his claim of ineffective assistance of counsel is unexhausted. See Petitioner's Reply (Doc. No. 25), at 7. In the interest of obtaining

"'speedy federal relief'" for his exhausted claims, Lucas has asked this court to delete this unexhausted claim from his petition. Id. at 7 (citing Rose v. Lundy, 455 U.S. 509, 520-521 (1982)). As a result, Lucas's claim of ineffective assistance of counsel will not be reviewed by this court.

Lucas's remaining claims of trial court error are more problematic. To the extent that Lucas attempts to present four independent, discrete claims of trial court error stemming from his resentencing, I find that those claims are unexhausted because they were not properly presented to the state courts. Indeed, the state court noted that, in presenting his claims on appeal, Lucas made "only a bald allegation that his sentence is manifestly excessive." Commonwealth v. Lucas, No. 2186 EDA 2008, at 5 (Pa. Super. July 22, 2009) (unpublished memorandum). The Superior Court, however, ultimately identified and reviewed two broad issues related to his resentencing: (1) that the state court did not consider mitigating circumstances during resentencing and (2) that his sentence exceeded the sentencing guidelines and was excessive. To the extent that these issues generally encompass the claims Lucas presented in the instant habeas petition I will proceed to review those claims.[4] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (a pro

---

[4] Respondents argue that Lucas failed to present the state courts with the legal theory that he advances in this federal habeas petition; namely, that the state court denied him due process of law under the Fourteenth Amendment during his resentencing. See Response (Doc. No. 22), at 6. Consequently, Respondents contend that the claims are unexhausted. I find, however, that the crux of Lucas's argument is that he was denied fundamental fairness during the resentencing process. See Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir. 1987) (federal habeas argument deemed substantially equivalent to challenge made in state court, although the emphasis of argument in state court may have been slightly different). The essence of due process is

7

se petition should be held to less stringent standards than formal pleadings drafted by lawyers). However, any other variation of Lucas's sentencing claims are unexhausted because they were not reviewed by the state court. Lucas has requested that this court delete any variation of the claims which he has presented which are deemed unexhausted. See Petitioner's Reply (Doc. No. 25), at 8. As a result, I will proceed to review only the two claims of sentencing error properly presented to the state courts.

2.  **Review of Claims on the Merits**

    A.  **Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that

---

fundamental fairness. Estelle v. Williams, 425 U.S. 501 (1976); see also Baker v. Barbo, 177 F.3d 149, 157 (3d Cir. 1999) ("Due process of law comprehends concepts less rigid and more fluid than those provided in specific and particular constitutional guarantees."). Because I find that the due process claims presented in Lucas's habeas corpus petition are essentially the same claims of sentencing court error presented to the state courts, the claims are considered exhausted for the purposes of habeas corpus review. See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (a "petitioner need not have cited 'book and verse' of the federal constitution" to "fairly present" a federal claim) (citation omitted); see also Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1231 (3d Cir. 1992) (citing Bisaccia v. Attorney General of the State of New Jersey, 623 F.2d 307 (3d Cir.) ("[b]ecause the substance of the appellant's state claim is virtually indistinguishable from the due process allegation now before the federal court, and because the method of analysis is indistinct . . . exhaustion of state remedies has been met").

was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." 529 U.S. at 412-413 (quoted in Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000)). The Court in Williams further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that

a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

B.   **Sentencing Claims**

Federal habeas relief is only available to a petitioner if his conviction resulted from a violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Estelle v. McGuire, 502 U.S. 62, 67-68 n.2 (1991) (claims based on questions of state substantive law are not proper subjects for federal habeas review). Sentencing is a matter of state criminal procedure and so long as the sentence imposed falls within the statutory bounds, it does not implicate federal constitutional issues. Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984) (no due process right to the correct determinations of issues of state law); see also U.S. ex rel. Jackson v. Myers, 374 F.2d 707, 711 n.11 (3d Cir. 1967) (the severity of a defendant's sentence alone does not constitute grounds for federal habeas relief); U.S. ex rel. Long v. Rundle, 327 F.2d 495, 496 (3d Cir. 1964) (sentencing issues are properly left to the state court); see also Pulley v. Harris, 465 U.S. 37 (1984) (a violation of state law is insufficient to warrant habeas relief); Smith v. Phillips, 455 U.S. 209 (1982); Smith v. Zimmerman, 768 F.2d 69 (3d Cir. 1985).

In the instant case, Lucas's sentence does not exceed statutory limitations. Lucas was found guilty of aggravated assault and conspiracy to commit aggravated assault, both defined as felonies of the first degree. See 18 Pa.C.S.A. §§ 903 (criminal

conspiracy), 905 (grading of criminal conspiracy), 2702 (aggravated assault). In Pennsylvania, felonies of the first degree carry a statutory maximum sentence of 20 years. See 18 Pa.C.S.A. § 1103. Lucas's sentence of 10 to 20 years for aggravated assault and 5 to 10 years for conspiracy did not exceed the statutory maximum for either crime. To the extent that Lucas's dispute with the state court's sentencing decision attacks the term of his sentence under Pennsylvania law, I conclude that his claim is not constitutionally cognizable.[5] See, e.g., Twyman v. Carr, 1997 WL 309456 at *3 (D. Del. Apr. 7, 1997) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)) (dismissing a state law sentencing claim "couched in terms of equal protection and due process").

Nonetheless, it is also well established that a due process violation may result from the *method* by which a sentence was determined, and not just from the ultimate sentence imposed. United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000) (citing United States ex rel. Jackson v. Myers, 374 F.2d at 711 n.11) (emphasis added). As a result, I will review Lucas's specific allegations regarding the method by which his sentence was passed.

---

[5]Although Lucas also argues that his sentence was illegally enhanced because his restitution was enhanced from $33,000 to $106,000, he fails to explain how this change is in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). At his resentencing hearing, the court discussed the imposition of restitution and its basis for calculating the amount. (N.T. 5/5/05, 29-30). Absent any specific allegation as to why the imposition of a greater amount of restitution upon resentencing is a constitutional violation, this claim must be denied.

11

### B. Failure to Consider Mitigating Evidence

Lucas first argues that the resentencing court failed to consider mitigating circumstances in resentencing him. Specifically, Lucas points to the fact that, while in prison, he received a high school diploma, completed drug and alcohol abuse programs, maintained steady employment and exhibited remorse.

In fashioning a sentence, "a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa. Super. 2002) (citations and quotations omitted). The sentencing court clearly followed this mandate. In reviewing the evidence of mitigating circumstances, the trial court stated: "[e]ach of these factors was considered by me, [and] I gave them due consideration. These accomplishments, while commendable, pale in comparison to many of the other factors . . . which required the sentences that were actually given." Commonwealth v. Lucas, No. 3669 of 2001 (Ct of Common Pleas of Lehigh Co, Dec. 17, 2008), at 14. The court also remarked on Lucas's lack of remorse:

> It's the obligation of the court, and sometimes very difficult, to assess expressions of remorse. At the last sentencing hearing on October 28, 2002, now grant it that's two and a half years ago, at that particular time the defendant expressed remorse at the sentencing hearing. And at the end of the sentencing we had a display in the courtroom by the defendant as he was being led by the sheriffs out of the courtroom. This is a note that I made immediately after this happened.
>
> At the sentencing hearing the defendant showed a complete lack of remorse just after the sentence was announced. He was smiling and rocking his head back and forth, and by the way, these are my observations. As he was led from the courtroom he became loud and profane and actually he stated

12

> to the victim's family I hope that he (Bobby) rots in his fucking wheelchair. Those are the words that were used. And that was the defendant who had expressed remorse just minutes before. If there is ever a telling statement of lack of remorse, that was it . . . [H]ere we are at a resentencing hearing and it strikes me that is something the court should certainly be taking into account along with all the other things about this case, including what was presented today.

(N.T. 5/5/05, at 24-25). Overall, the trial court concluded that despite Lucas's evidence of mitigating circumstances, "[t]he sentence struck the balance among the needs of the victim, community and defendant." Commonwealth v. Lucas, Pa.R.A.P. 1925(a) Opinion, at 13 (Court of Common Pleas of Lehigh County, Dec. 18, 2008).

I conclude that the state court decision that the resentencing court had sufficiently considered Lucas's mitigating circumstances is neither contrary to, nor an unreasonable application of, federal law. Commonwealth v. Lucas, No. 2186 EDA 2008, at 6; see Commonwealth v. Fullin, 892 A.2d 843, 850 (Pa. Super. 2006) (a trial court is only obligated to consider mitigating circumstances, not to accept or appreciate them). At resentencing, the trial court allowed Lucas to fully present mitigating evidence regarding his rehabilitation while in prison, both through his own and his mother's testimony. (N.T. 5/5/05, 16-21). Although the court ultimately determined that Lucas's rehabilitation did not outweigh other aggravating factors, this determination does not violate due process because it is based upon full consideration of the mitigating factors presented by Lucas. As a result, this claim must be denied.

13

### C. Exceeding the Sentencing Guidelines

Lucas next argues that the trial court erred in exceeding the sentencing guidelines. In reviewing this claim, the Superior Court noted that it "has repeatedly held that sentencing courts may deviate from the guidelines when justice requires." Commonwealth v. Lucas, No. 2186 EDA 2008 (Pa. Super. July 22, 2009) (unpublished memorandum), at 7 (citing Commonwealth v. Gibson, 716 A.2d 1275, 1277 (Pa. Super. 1998)); see also Commonwealth v. Yuhasz, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."). The state court also noted that an appellate court will only disturb sentences on a showing that the sentencing court manifestly abused its discretion. Commonwealth v. Lucas, No. 2186 EDA 2008, at 4-5 (Pa. Super. July 22, 2009) (unpublished memorandum) (citing Commonwealth v. Mouzon, 828 A.2d 1126, 1128 (Pa. Super. 2003)). As the Superior Court observed, "[t]o consitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive." Id.

Here, the trial court reviewed Lucas's revised presentence report at the resentencing hearing, and considered the two (2) disciplinary actions Lucas had incurred while at the Lehigh County Prison, as well as the circumstances surrounding the crimes at issue. (N.T. 5/5/05, 26-27). The court also noted that the crime at issue was "as close to a murder as we get." (N.T. 5/5/05, 26). The state court explained the rationale for the sentence imposed as follows:

14

> I specifically mentioned my knowledge of the guidelines, that I considered them, and that I deemed them to be inapplicable because of the particular facts of this case. [Lucas], acting with his co-conspirators, almost killed the innocent victim. They beat him into a coma with brain damage and paralysis. Protection of the community required the sentences that I imposed which exceeded the guidelines.

Commonwealth v. Lucas, Pa.R.A.P. 1925(a) Opinion, at 11-12 (Court of Common Pleas of Lehigh County, Dec. 18, 2008); see also Commonwealth v. Lucas, No. 2186 EDA 2008, at 6 (Pa. Super. July 22, 2009) (unpublished memorandum). As the court noted, it took into consideration the protection of the public, the gravity of the offense, the impact of the sentences on the victim and the community, and the rehabilitative needs of the defendant. (N.T. 5/5/05, 27-28); see also 42 Pa. Cons. Stat. Ann. § 9721(b).

The sentencing court complied fully with governing law by explicitly explaining its sentencing decision while considering Lucas's individualized history and the circumstances surrounding his crimes. See 42 Pa. Cons. Stat. Ann. § 9721. Moreover, Lucas's sentence was legal under the law and complied with his plea bargain. As a result, Lucas's due process rights were not violated by the imposition of his sentence. Consequently, this claim must be denied.

## **CONCLUSION:**

After close and objective review of the arguments and evidence, I conclude that Lucas's petition for writ of habeas corpus is meritless. Accordingly, Lucas's petition will be denied.

Similarly, because Lucas's claims are both legally and factually meritless, there is

no need to conduct an evidentiary hearing, as it would not change the outcome of this matter. See 28 U.S.C. § 2254(e)(2); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted); see also Campbell v. Vaughn, 209 F.3d 280, 221 (3d Cir. 2000).

    An appropriate order follows.