IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KIRK LUCAS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| JOSEPH PIAZZA, et al. | : | No. 07-3556 |

**MEMORANDUM AND ORDER**

LOWELL A. REED, JR., Sr. J.

AND NOW, this 16th day of November, 2010, upon consideration of petitioner's motion for reconsideration (Doc. No. 40) of my August 5, 2010, memorandum and order (Doc. Nos. 27, 28), as well as Respondents' response thereto (Doc. No. 42), the Court makes the following findings and conclusions:

1. On August 20, 2007, Kirk Lucas ("Lucas") filed a petition for writ of habeas corpus (Doc. No. 1) alleging due process violations during his resentencing.[1] After a close and objective review of the arguments and evidence, I found that Lucas's claims were meritless. As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. See Lucas v. Piazza, No. 07-3556 (E.D. Pa. August 5, 2010) (Doc. Nos. 27, 28). Presently before the Court is Lucas's motion for reconsideration, asking the Court to withdraw its order and grant habeas relief on his sentencing claims.

2. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218

---

[1] Although Lucas also presented a claim of ineffective assistance of counsel, he asked this court to delete that claim from his habeas petition. See Lucas v. Piazza, No. 07-3556, at 7 (E.D. Pa. August 5, 2010) (Doc. No. 40).

(3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted).

    3. Lucas appears to argue that I must re-examine my decision because of a clear error of law or fact and manifest injustice. In support thereof, he first contends that this court failed to properly consider his claim that increasing the amount of restitution he owed from $33,000 to $106,000 at resentencing violated his due process rights. In my memorandum and order, I denied Lucas's claim that increasing the amount of restitution upon resentencing was improper on its face after finding that Lucas had failed to allege a constitutional violation which merited habeas relief.[2] Lucas expands upon his argument in his motion for reconsideration arguing that his due process rights were violated when the sentencing court increased his restitution without new factual data which would have justified such an increase. I find that this claim is unexhausted. Lucas did not address any aspect of the restitution imposed at his resentencing in his state court appeals; therefore, he failed to properly exhaust his state court remedies with regard to this claim.[3] Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004) (a petitioner exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process). In any event, this issue is moot. At resentencing, Lucas's restitution was conditionally imposed based on the understanding that the Commonwealth would provide documentation supporting imposition of $106,000 in restitution. (N.T. 5/5/05, at 30). For reasons unknown to the Commonwealth, however, no restitution has been assessed in this case and none is currently being sought. See Respondents' Response to Petitioner's Motion for Reconsideration, at 6 n.1 (Doc. No. 42). As a result, any claim related to the imposition of restitution at resentencing is moot.

    4. Lucas next argues that the sentence imposed at his resentencing

---

[2]Under state law, a judge may alter or amend any order of restitution provided that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order. See 18 Pa.C.S.A. § 1106(c)(3); see Commonwealth v. Dietrich, 970 A.2d 1131, 1135 (Pa.. 2009).

[3]The only time Lucas appears to have presented his restitution claim to the state courts is in a motion for recusal of the trial court judge. After denying Lucas's motion, the trial court noted that his restitution claim was "an allegation of legal error by the judge which is not a basis for recusal." Commonwealth v. Lucas, No. 3669 of 2001, at 2 n.1 (Common Pleas, June 6, 2008). Although Lucas subsequently had the opportunity to present this claim in his post sentence motion and in his statement of matters complained on appeal to the Pennsylvania Superior Court, he failed to do so.

unconstitutionally extended the date on which he would be eligible for parole and increased his sentence "because it could logically be perceived that petitioner would have received a shorter sentence with a lower prior record score."[4] See Petitioner's Motion for Reconsideration (Doc. No. 40), at 7. Lucas's claim is predicated on North Carolina v. Pearce, 395 U.S. 711 (1969). In Pearce, the Supreme Court stated that "Due Process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725. Pearce creates a "presumption of vindictiveness" when the same trial judge imposes a harsher sentence following a new trial after the defendant had successfully appealed his original conviction, which presumption "may be overcome only by objective information in the record justifying the increased sentence." United States v. Goodwin, 457 U.S. 368, 374 (1982). I conclude that Pearce is inapposite. Lucas's resentencing did not exceed the length of his original sentence, and there is no evidence of vindictiveness on the part of the sentencing court in this case. See Kelly v. Neubert, 898 F.2d 15, 16 (3d Cir. 1990). Although Lucas may have hoped for a lower sentence when his prior record score was lowered, Lucas's theoretical expectation of a lower sentence at resentencing simply does not render his actual sentence greater than when it was originally imposed. His sentence remained the same, as does his eligibility for parole.[5] For the reasons set forth in my original Memorandum and Order of August 5, 2010, I once again conclude that Lucas's due process rights were not violated at his resentencing. The state court complied with Lucas's plea bargain, considered all mitigating evidence and fully explained its sentencing decision in accordance with state law.

     5. Lucas's argument that I erred in finding no due process error during his resentencing is without merit. Lucas does not point to any "new" factual or legal issue that would alter my disposition of this matter, nor does he present any clear error of law or fact that would necessitate a different ruling. Furthermore, he has not demonstrated that manifest injustice will result from my ruling.

     Accordingly, it is hereby **ORDERED** that the motion to reconsider (Doc. No. 40)

by Lucas Kirk is **DENIED**. It is further **ORDERED** that for the reasons set forth at the

---

[4] By way of background, I note that Lucas was sentenced to the same term of imprisonment at his original sentencing and at his resentencing, despite the fact that Lucas's prior record score was reduced from a 3 to a 0 at his resentencing.

[5] During Lucas's resentencing, the court specified that Lucas was to "receive credit for all time spent in custody as a result of these criminal charges." (N.T. 5/5/05, at 29).

Conclusion of my memorandum of August 5, 2010 (Doc. No. 27), there is no need for an evidentiary hearing and no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Lucas has failed to make a substantial showing of denial of a constitutional right.

      /s Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.